IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD EDWIN LEE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-811 |
| | : | |
| JOHN KERESTES, *Superintendent*, et al. | : | |

## ORDER

AND NOW, this 25th day of January, 2013, upon careful and independent consideration of Petitioner Harold Edwin Lee's counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document 1), and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and Lee's objections thereto, it is ORDERED:

1. Lee's objections to the Report and Recommendation (Documents 23 and 24) are OVERRULED[1];

---

[1] In her Report and Recommendation, Judge Hey recommends Lee's habeas corpus petition be denied. Lee filed objections, raising six grounds as to why this Court should not adopt the Report and Recommendation. After consideration of Lee's arguments, the Court agrees with Judge Hey's conclusions and addresses only one of Lee's objections to provide additional clarification.

Lee argues his appellate counsel was ineffective for failing to brief and argue on direct appeal that the trial court erred in admitting irrelevant and inflammatory evidence of public opinion and in failing to permit Lee to cross-examine a rebuttal witness with evidence contradicting his testimony. As Judge Hey explained, when ruling on a habeas corpus petition, federal courts do not determine the correct application of state law by a state court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citation omitted)); *Keller v. Larkins*, 251 F.3d 408, 416 n.2 (3d Cir. 2001) ("A federal habeas court, however, cannot decide whether the evidence in question was properly allowed under the state law of evidence. A federal habeas court is limited to deciding whether the admission of the evidence rose to the level of a due process violation . . . ."). Lee's claim of ineffective assistance of appellate counsel focuses primarily on the state court's application of Pennsylvania law regarding character evidence. However, the Court will consider Lee's federal claim for ineffective assistance of counsel, as Lee contends the Superior

2. The Report and Recommendation (Document 20) is APPROVED and ADOPTED;

3. The petition for writ of habeas corpus is DENIED;

4. There is no probable cause to issue a certificate of appealiability; and

5. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


\s\ Juan R. Sánchez
Juan R. Sánchez, J.

---

Court's rejection of his ineffective assistance of counsel claim in state post-conviction proceedings constitutes an unreasonable application of federal constitutional law.

To demonstrate ineffectiveness of counsel, a defendant must show (1) counsel's performance was so deficient that it fell below "an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced him in that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Lee raises two challenges to appellate counsel's representation. First, he asserts counsel failed to argue on appeal that the trial court erred in admitting irrelevant and inflammatory evidence of public opinion. This Court finds appellate counsel's failure to raise the issue was reasonable in light of the trial court's discretion to admit character evidence. Furthermore, Lee cannot show that but for counsel's errors the outcome on appeal would have been different, as the Pennsylvania Superior Court found in ruling upon Lee's Post-Conviction Relief Act petition that such a challenge would have been meritless. This Court agrees with Judge Hey's decision to give deference to the Superior Court's ruling as to the appellate issue that would have been decided by that court had Lee's appellate counsel choose to raise it on direct appeal.

Second, Lee contends counsel was ineffective for failing to argue on appeal that the trial court erred in failing to permit cross-examination of a rebuttal character witness with contradictory evidence. As emphasized by Judge Hey, it appears from the record that Lee's trial counsel effectively cross-examined the rebuttal witness and undermined a portion of his testimony. Thus, appellate counsel acted reasonably in failing to raise this issue on appeal. Furthermore, raising the issue on appeal would not have resulted in a different outcome given that the trial court record demonstrates trial counsel's effective cross-examination of the rebuttal witness. Therefore, appellate counsel was not ineffective under the *Strickland* standard.

Lee also seems to argue the trial court's restriction of his cross-examination of a rebuttal witness violated his federal due process rights. Lee argues that limits cannot be placed on a defendant to prevent him from cross-examining and/or contradicting important witnesses. However, as stated above, Lee was not prejudiced by the limitation placed on his counsel's cross-examination. Accordingly, Lee's objection is overruled.